MEMORANDUM **
Timothy Edward Hodgson appeals pro se from the district court’s judgment dismissing his action alleging that the Internal Revenue Service (“IRS”) violated 26 U.S.C. § 6304. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court’s dismissal for lack of subject matter jurisdiction and dismissal for failure to state a claim. Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir.2008). We affirm.
The district court properly dismissed Hodgson’s claim that the IRS violated § 6304 because Hodgson challenged only the IRS’s failure to communicate properly with his counsel, not an improper communication with him. See 26 U.S.C. § 6304 (restricting certain communications with taxpayers and prohibiting abuse and harassment of taxpayers in connection with the collection of unpaid taxes).
The district court properly dismissed Hodgson’s claim for declaratory relief because the United States is entitled to sovereign immunity from declaratory relief judgments “with respect to Federal taxes.” 28 U.S.C. § 2201; E.J. Friedman Co. v. United States, 6 F.3d 1355, 1358-59 (9th Cir.1993) (“Because the case at bar involves federal taxes, declaratory relief is unavailable, and § 2201 cannot serve as a waiver of sovereign immunity.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.